**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA WOZNIAK, | No. 20-16005 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02221-APG-VCF |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 12, 2021[**]
San Francisco, California

Before: SCHROEDER and BADE, Circuit Judges, and JACK,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

Maria Matheny Wozniak appeals the district court's decision affirming the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). We affirm.

Wozniak claims disability due to postural orthostatic tachycardia syndrome ("POTS") and associated symptoms, which are aggravated by pain and stress, as well as due to depression and anxiety. She contends the Administrative Law Judge ("ALJ") erred in discounting the opinions of her treating and examining doctors. Her treating pain specialist, Dr. Benjamin Venger, concluded Wozniak could work only four hours a day, but that conclusion was not consistent with his own treatment records and the ALJ's own observations of a person who was alert and responsive. Moreover, Dr. Venger's opinion was rendered before Wozniak underwent cervical surgery to correct a painful condition. There were no objective findings supporting the opinion of disabling pain. The examining doctor, John Mather, PhD, rendered opinions that the ALJ accorded partial weight. The ALJ discounted Dr. Mather's original opinion of limitations in understanding, judgment, and ability to interact with others in a work environment as inconsistent with the entire record. The ALJ credited a subsequent opinion that clarified the

earlier opinion and concluded that Wozniak would not have trouble interacting, following directions, staying on task, and responding appropriately within a work setting. The ALJ's reasons for not fully crediting those doctors were adequately set forth. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (holding that a "conflict between a treating physician's medical opinion and his own notes is a clear and convincing reason for not relying on the doctor's opinion, and therefore is also a specific and legitimate reason for rejecting it" (internal quotation marks and citation omitted)); *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (rejecting opinion of treating physician that was unsupported by objective findings); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154-57 (2019) (reviewing under the substantial evidence standard calls for deference to the ALJ "who has seen the hearing up close.").

Wozniak herself testified as to her ability to do everyday tasks. The ALJ cited this, as well as her objective medical history and conservative treatment history to conclude she was capable of the full range of light work and could return to her past relevant work as a hospital operator, receptionist, group worker, or security officer. The decision was supported by substantial evidence. *See Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009).

The ALJ's decision to reject Wozniak's husband's lay witness evidence was supported by substantial evidence because it was not consistent with the rest of the medical evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

**AFFIRMED.**